**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

        **Plaintiff,**

v.                                                      **Case No: 6:14-cr-31-Orl-18DCI**

**ALBERT JEFFREY SANCHEZ**

        **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration following a hearing on the following motion:

> **MOTION:**    **UNITED STATES' MOTION FOR FINAL ORDER OF GARNISHMENT (Doc. 155)**
>
> **FILED:**        **January 9, 2018**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On January 9, 2018, the government filed a Motion for Final Order of Garnishment (the Motion). Doc. 155. In the Motion, the government sought a final order of garnishment as to Defendant Albert Jeffrey Sanchez' 401(k) account with Hilton Worldwide, Inc. Id.

Prior to sentencing, on October 14, 2014, Sanchez entered into a Consent Agreement with the government, which is attached to the Motion. *See* Doc. 155-1. In that Consent Agreement, Sanchez, who was represented by counsel at that time, agreed to liquidate his 401(k) account with Hilton—which, at the time, had a balance of $33,752.73—and apply those funds as payment toward his imminent restitution judgment. The next day, on October 15, 2014, the Court ordered

Sanchez to pay $137,000.00 in restitution. Doc. 121. The government then filed an Unopposed Application for Writ of Garnishment (Doc. 140), and the Court issued two Writs of Garnishment against Hilton; in February 2015 and March 2015. Docs. 142; 144. Hilton recently filed its Answer to the Writs on December 8, 2017. Doc. 153. Therein, Hilton confirmed that it had, in its custody and control, $49,203.75 belonging to Sanchez. *Id*. Sanchez's 401(k) appreciated approximately $15,451.02 since he executed the Consent Agreement. *Id*. But in the Consent Agreement, Sanchez agreed to "relinquish any interest he may have thereof in the full balance of the account." Doc. 155-1. The government sent Hilton's response to Sanchez via FedEx, requiring his direct signature, and Sanchez confirmed in writing that he received the documents on December 16, 2017.

On January 11, 2018, Sanchez, proceeding *pro se*, requested that the Court hold an evidentiary hearing in relation to the Motion and appoint him counsel. Doc. 156. The government did not file an opposition to that request, the Court granted the request for a hearing as unopposed, and, on February 1, 2018, the Court held the requested hearing. Doc. 161. However, once the Court granted Sanchez' motion for a hearing, the government requested that the Court reconsider its order, asserting that Sanchez's request for a hearing was 1,039 days late. Doc. 158. The government explained that Sanchez had received the Clerk's notice on February 17, 2015, and had filed his request for a hearing on January 11, 2018. *Id*. (citing 28 U.S.C. § 3205). The Court denied the government's request to reconsider the order granting a hearing, but, in ruling upon the Motion, the Court will consider the timeliness argument made as a part of the government's motion for reconsideration. Doc. 160.

At the hearing, the Court denied Sanchez's request for the appointment of counsel, finding that he had no right to the appointment of counsel in this matter and, regardless, the Court did not

find that the appointment of counsel was appropriate in this case given the nature and complexity of the issues. *See, e.g., United States v. Harris*, No. 3:12-cv-2133-D, 2012 WL 5845544, at *1 (N.D. Tex. Nov. 19, 2012). At the hearing, Sanchez provided the Court with documentary evidence, including documents related to his communications with government counsel and his financial difficulties, which the Court accepted as a composite exhibit; Defendant's Exhibit 1. Sanchez also read a statement into the record, which focused on a request to deny the government's request due to the unfairness of the tax implications of liquidating his 401(k) account and his inability to thereafter provide financial support to his family. Sanchez did not dispute the government's claim that his request was untimely, although he asserted that he did not know the deadline for making his request. The government submitted the Consent Agreement as evidence. Doc. 155-1.

As an initial matter, the government is correct that Sanchez's request for an evidentiary hearing is untimely. Section 3202(d) provides that a defendant has 20 days after receiving the Clerk's Notice in order to request a hearing. *See also* 28 U.S.C. § 3205(b). Here, the Clerk's Notice was sent to Sanchez on February 17, 2015—four months after he signed the Consent Agreement. *See* Docs. 143; 155-1. On January 11, 2018, Sanchez requested the hearing. Doc. 156. Thus, his request is approximately 1,039 days late. *Id*. Even if the Court were to consider the garnishee's answer as the applicable starting date for the 20 days, Hilton filed its answer on December 8, 2017 (Doc. 153) and Sanchez made his request for a hearing on January 11, 2018 (Doc. 156); 35 days after the answer.

Regardless, the Fair Debt Collection Practices Act specifies two narrow grounds for a garnishment hearing. *See* 28 U.S.C. § 3202(d). Under § 3202(d), the hearing is limited to consideration of (1) the probable validity of any claim of exemption, or (2) compliance with any

3

statutory requirement in the postjudgment remedy process. Here, the property the government seeks to garnish is Sanchez's 401(k) account held by Hilton. Sanchez has agreed to the garnishment of the 401(k) account and, even if he had not, that account is not subject to any valid exemption. *See United States v. DeCay*, 620 F.3d 534, 540 (5th Cir. 2010) ("[T]he MVRA allows garnishment of a defendant's retirement benefits to satisfy a criminal restitution order."); *United States v. Lazzari*, No. 8:12-cr-361-T-27TGW, 2014 WL 197739, *2 (M.D. Fla. January 15, 2014) (approving garnishment of a 401(k) account as non-exempt under the MVRA). Further, Sanchez did not assert that the government failed to comply with any statutory requirements associated with the issuance of the Writ. Thus, even taking into consideration the evidence and argument at the hearing, Sanchez is not entitled to relief from the Writ based upon the record before the Court.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 155) be **GRANTED**;
2. Garnishee Hilton Worldwide, Inc., be ordered to pay the current balance of Defendant Albert Jeffrey Sanchez's nonexempt interest in his 401(k) account, approximately $49,203.72, to the government as payment toward Sanchez's restitution obligation; and
3. A cashier's check or money order should be made payable to "Clerk, United States District Court," bear the notation Albert Jeffrey Sanchez, Case No.6:14-cr-31-Orl-18DCI, and be mailed to:

    Clerk, United States District Court
    ATTN: DCU
    401 West Central Boulevard, Suite 1200
    Orlando, Florida 32801

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on February 2, 2018.

                                DANIEL C. IRICK
                                UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy